UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **KEVIN LAMONT LOGAN** | **CIVIL ACTION NO. 5:13-cv-0960** |
| LA. DOC #276697 | |
| VS. | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN DeVILLE** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Kevin Lamont Logan, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 6, 2013. Petitioner attacks his 2011 conviction for theft and the 15-year hard labor sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available State court remedies.

*Background*

Petitioner was convicted of felony theft following trial by jury. Thereafter he was charged as a multiple offender. In accordance with a plea agreement he admitted his status as a second felony offender in return for the imposition of a 15-year hard labor sentence. He appealed his conviction arguing a single assignment of error – insufficiency of the evidence. On April 11, 2012 his conviction was affirmed by the Second Circuit Court of Appeal. *State of Louisiana v. Kevin L. Logan*, 46,966 (La. App. 2 Cir. 4/11/2012), 91 So.3d 1167.   He did not seek further

direct review in the Louisiana Supreme Court.

He claims to have filed a Motion to Reconsider Sentence on March 16, 2012, and further claims that his motion was denied on August 27, 2012.

On some unspecified date thereafter he filed an application for post-conviction relief in the First Judicial District Court raising three claims for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and, (3) Assistant District Attorney lied about a plea offer. On April 30, 2013, the District Judge denied post-conviction relief. [Doc. 1-2, pp. 1-2] According to petitioner he did not seek further review of this order. Instead, he filed the instant petition on May 6, 2013. He raises the same three claims raised in his post-conviction application.

## *Law and Analysis*

Title 28 U.S.C. §2254 states, in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the

enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

Not only must a federal *habeas* petitioner fairly present his federal constitutional claim to the state courts, he must fairly present his claims to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.*, *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. LSA Const. Art. 5, § 5.

Thus, in order to properly exhaust a claim in the Louisiana courts, a federal *habeas* applicant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner according to the rules of the state courts (3) to the Louisiana Supreme Court. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Petitioner has presented his federal *habeas* claims to the First Judicial District Court in the context of an application for post-conviction relief. Under Louisiana law, he had the right to

seek review of the trial court's dismissal by invoking the supervisory jurisdiction of the Second Circuit Court of Appeals (see La. C.Cr.P. art. 930.6) and thereafter, if needed, further review in the Louisiana Supreme Court.  His failure to present these claims to the Court of Appeals and the Supreme Court establish his failure to exhaust available State court remedies and warrant dismissal of his petition.

It is unclear whether or not petitioner may now seek discretionary review of his post-conviction application; however, it is abundantly clear that he has failed to exhaust State court remedies and therefore the instant petition must be dismissed. The dismissal will be without prejudice to his right to seek *habeas corpus* relief should he be able to return to the Louisiana courts and properly exhaust his federal claims.  Petitioner is further advised that Louisiana law imposes limitations period upon litigants seeking post-conviction relief and upon litigants seeking discretionary review in the Courts of Appeal and the Supreme Court. He is further advised that federal law imposes a 1-year period of limitations for filing an application for post-conviction relief. See 28 U.S.C. §2244(d)(1).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**  because petitioner failed to exhaust available State court remedies prior to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, June 13, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE